478 F.2d 1405
 83 L.R.R.M. (BNA) 2932, 71 Lab.Cas. P 13,835
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
P. G. Berland Paint City, Inc., Petitioner
v.
National Labor Relations Board,d Respondent
 No. 72-1943.
 United States Court of Appeals, Seventh Circuit.
 June 8, 1973.
 
 1
 Before CLARK, Associate Justice,* SWYGERT, Chief Judge, and CAMPBELL, Senior District Judge.**
 
 Order
 
 2
 P. G. Berland Paint City, Inc. has petitioned to review and set aside an order of the Board finding that the Company had discriminated against employee Gerhardt VanRyswyk in violation of Secs. 8(a)(3) and (1) of the National Labor Relations Act (29 U.S.C. Secs. 158(a)(1) and (3) ). The Board also concluded that the Company violated Sec. 8(a)(1) of the Act by threats of retaliation in order to rid itself of the Union. The Board has filed a cross application for enforcement of its order. The question thus is whether there is substantial evidence in the record to support the order of the Board.
 
 
 3
 This case is atypical in the sense that there is direct evidence to support the findings of the Board. When employee VanRyswyk was discharged, he was told by one of the Company's owners that he had caused him "too much trouble with the Union and the Labor Board." Upon seeking reemployment at a later date, the employee was further informed that he could not be rehired until the Company got rid of the Union. We conclude that these incidents provide ample support for the Board's conclusion that the Company discharged employee VanRyswyk and refused to reinstate him in retaliation for his Union activity. VanRyswyk had previously participated in a strike against the Company and had also filed a grievance against the Company sometime prior to these incidents.
 
 
 4
 The Company does not deny that there was evidence of union animus on its part directed against this employee. Rather, the Company maintains that VanRyswyk was not discharged, but voluntarily quit his job. There is no dispute that the employee absented himself from his job for a period of three working days. The parties disagree over whether the absenteeism was authorized by the Company. Assuming arguendo that VanRyswyk absenteeism was unauthorized and therefore would have justified his dismissal, there is still substantial evidence from which the Board might reasonably conclude that the discharge was motivated at least in part because of the employee's concerted activity. Such circumstances, at least in this Circuit, constitute a violation of the Act. See NLRB v. Tom Wood Pontiac, Inc., 447 F.2d 383, 386 (7th Cir.1971); Borek Motor Sales, Inc. v. NLRB, 425 F.2d 677, 680 (7th Cir.1970), cert. denied, 400 U.S. 823 (1970); contrast NLRB v. Fibers International Corp., 439 F.2d 1311 (1st Cir.,1971).
 
 
 5
 There is also substantial evidence to support the Board's conclusion that the Company violated Sec. 8(a)(1) of the Act by threats of retaliation in order to eliminate the Union at its place of business. Again, the record contains several instances of statements by one of the Company owners indicating that he intended to "get rid of" the Union. In this regard, the Company characterizes the testimony against it as "inherently improbable." Inasmuch as credibility assessments are within the province of the Administrative Law Judge, we conclude that the Board's finding of an independent Sec. 8(a)(1) violation is supported by substantial evidence in the record as a whole.
 
 
 6
 The order of the Board will be enforced.
 
 
 
 d
 13-CA-10870; 199 NLRB 145
 
 
 *
 Associate Justice Tom C. Clark of the United States Supreme Court, Retired, is sitting by designation
 
 
 **
 Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation